UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD ROACH,

    Petitioner,

  v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:18-CV-05305-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: May 18, 2018

  The District Court has referred this action to United States Magistrate Judge David W. Christel. On April 20, 2018, Petitioner John Edward Roach filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2006 Pierce County conviction for assault of a child. Dkt. 1. After review of the Court's records, the Court concludes this Petition is second or successive and recommends the Petition be dismissed without prejudice.

**I.  Background**

  In 2006, Petitioner was convicted in the Pierce County Superior Court of one count of second degree felony assault of a child. Dkt. 1. In 2009, Petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 2006 state conviction. *See Roach v. Vail*, 3:09-cv-

REPORT AND RECOMMENDATION - 1

05155-RBL-JRC. In the First Petition, Petitioner raised grounds of ineffective assistance of counsel and prosecutorial misconduct. *Id*. The court found Petitioner's First Petition was procedurally barred, and the First Petition was denied. *Id*.

Petitioner now files this Petition ("Second Petition") alleging his Sixth Amendment right to effective counsel was violated. Dkt. 1.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). "[A] denial [of the first petition] on the grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive'[.]"*Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (internal citations omitted); *McNabb*, 576 F.3d at 1029. The Ninth Circuit also states "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

Petitioner filed his First Petition challenging the same 2006 Pierce County conviction challenged in the Second Petition. The court denied the First Petition "on the merits," as the grounds for relief were procedurally defaulted. *See Roach v. Vail*, 3:09-cv-05155-RBL-JRC.

1  Further, in the Second Petition, Petitioner alleges his effective assistance of trial counsel was
2  violated during the 2006 trial. Dkt. 1. Petitioner was or could have been aware of the factual
3  predicate of this claim when his conviction became final and could have raised this claim in his
4  First Petition. The claim, therefore, could have been adjudicated on the merits in the First
5  Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was
6  "second or successive" when the petitioner was aware of the factual predicate of the claim and
7  could have raised the claim in his first petition).
8        As Petitioner's First Petition was denied "on the merits" and Petitioner was or could have
9  been aware of the claim asserted in the Second Petition prior to filing the First Petition, the
10 Second Petition is "second or successive."
11       Before a petitioner is allowed to file a second or successive petition, he must obtain an
12 order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.
13 § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States
14 District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.
15 2008). A district court lacks jurisdiction to consider a second or successive petition in the
16 absence of an order from the Ninth Circuit authorizing the district court to consider the petition.
17 *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157
18 (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit
19 authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to
20 consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561
21 U.S. at 331; *Cooper*, 274 F.3d at 1274.

### III. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

### IV. Conclusion

For the above stated reasons, the Court recommends the Second Petition (Dkt. 1) be dismissed without prejudice and the certificate of appealability be denied. If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 18, 2018,

2  as noted in the caption.

3      Dated this 3rd day of May, 2018.

*/s/ David W. Christel*

David W. Christel
United States Magistrate Judge